UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

ROBERT W. HOLT, SR., 05-R-4268,            **REPORT AND**
                                                       **RECOMMENDATION**
                         Plaintiff,

                                                      10-CV-00085(A)(M)
v.

OFFICER PALMER, OFFICER R. AYERS
and OFFICER J. HILL,

                         Defendants.
_____

           This case was referred to me by Hon. Richard J. Arcara for supervision of pretrial proceedings, including preparation of a report and recommendation on dispositive motions [9].[1] Despite cautioning plaintiff that his failure to contact Judge Arcara's chambers by October 4, 2011 to schedule a trial date would result in me recommending to Judge Arcara that his case be dismissed for failure to prosecute (September 21, 2011 Text Order [23]), plaintiff has failed to do so. Therefore, I recommend that the case be dismissed.

### BACKGROUND

           Plaintiff, while an inmate, commenced this 42 U.S.C. §1983 action *pro se* on or about February 3, 2010, alleging that defendants utilized excessive force against him. Sometime after the suit was commenced, plaintiff was released from custody.

           Pursuant to the Case Management Order entered on August 16, 2010, the parties were to contact Judge Arcara's chambers by June 9, 2011 to schedule a trial date in the event that no dispositive motions were filed [13], ¶7. Although plaintiff filed a motion for appointment of

---

[1]        Bracketed references are to the CM/ECF docket entries.

counsel [6], which was denied [14], and a motion to compel [15], which was withdrawn [19], no dispositive motions were filed and neither party moved to extend the deadlines of the Case Management Order.

      Because the parties failed to contact Judge Arcara's chambers to schedule a trial date, I scheduled a conference (on notice to both parties) for September 21, 2011.[2] However, plaintiff failed to participate in the conference (either in person or by phone) and did not contact my chambers to seek an adjournment. Therefore, on September 21, 2011 I issued a Text Order, which was mailed to plaintiff, directing the parties "to contact Judge Arcara's chambers by October 4, 2011 to schedule a trial date, failing which I will recommend to Judge Arcara that the action be dismissed for failure to prosecute" [23]. I have received no indication that this Order was not received by plaintiff, but have been advised by Judge Arcara's chambers that neither party has contacted his chambers to schedule a trial date.

## ANALYSIS

      "Although the text of Fed.R.Civ.P. [("Rule")] 41(b) expressly addresses only the case in which a defendant moves for dismissal of an action, it is unquestioned that Rule 41(b) also gives the district court authority to dismiss a plaintiff's case *sua sponte* for failure to prosecute". LeSane v. Hall's Security Analyst, Inc., 239 F.3d 206, 209 (2d Cir. 2001).

---

[2] When my chambers attempted to contact plaintiff to determine whether he would be participating in the September 21, 2001 conference via telephone, we learned that his contact information was no longer current. However, using an alternative telephone number for plaintiff, my chambers advised him of the September 21, 2011 conference and he provided updated contact information, which is reflected on the current docket. Despite indicating that he would be participating in the conference by telephone, my chambers was unable to contact him at the time of the conference. Since then, my chambers has not been contacted by plaintiff.

Nevertheless, "[d]ismissal of a *pro se* complaint for failure to prosecute is a 'harsh remedy' that should be utilized only in 'extreme situations.'" West v. Goord, 423 Fed.Appx. 66, 68 (2d Cir. 2011)(summary order).

In determining whether *sua sponte* dismissal under Rule 41(b) is warranted, I must consider the following five factors, none of which are dispositive, "'whether: (1) the plaintiff's failure to prosecute caused a delay of significant duration; (2) plaintiff was given notice that further delay would result in dismissal; (3) [defendants were] likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in court; and (5) the trial court adequately assessed the efficacy of lesser sanctions.'" West, 423 Fed.Appx. at 68.

**A.     Delay**

In addressing this factor, I must determine "(1) whether the failures to prosecute were those of the plaintiff; and (2) whether these failures were of significant duration." Martens v. Thomann, 273 F.3d 159, 180 (2d Cir. 2001). The delay in failing to seek a trial date from Judge Arcara as directed in my Case Management Order has been nearly four months. Moreover, at the September 21, 2011 conference, defendants' counsel indicated that she had not received any communications from plaintiff since his release from custody.

"While the various failures to follow court orders can be attributed to both parties, plaintiff is primarily to blame for the fact that this case has not advanced . . . . This period of delay is particularly significant given that, during that time, the action did not merely lie dormant,

-3-

but the parties ignored and disobeyed multiple court orders designed to move the case along." Nolan v. Primagency, Inc., 2008 WL 1758644, *3  (S.D.N.Y. 2008), aff'd, 344 Fed.Appx. 693 (2d Cir. 2009) (summary order).  Therefore, I find that the more than four-month delay experienced thus far is of sufficient duration to weigh in favor of dismissal.

B.    Notice

Plaintiff was expressly advised in my September 21, 2011 Text Order that if he failed to contact Judge Arcara's chambers that I would recommend dismissal of his case for failure to prosecute [23]. Therefore, I conclude that this factor weighs heavily in favor of dismissal.

C.    Prejudice

I recognize that "'[p]rejudice to defendants resulting from unreasonable delay may be presumed' . . .  because delay by one party increases the likelihood that evidence in support of the other party's position will be lost and that discovery and trial will be made more difficult." Shannon v. General Electric Co., 186 F.3d 186, 195 (2d Cir. 1999).  However, any prejudice to defendants is, at best, minimal given the limited duration of the delay.  Therefore, this factor weighs against dismissal.

D.    Balancing Calendar Congestion and Due Process Rights

Under this factor, "[t]here must be compelling evidence of an extreme effect on court congestion before a litigant's right to be heard is subrogated to the convenience of the

court." Lucas v. Miles, 84 F.3d 532, 535 (2d Cir. 1996).  The failure to prosecute must be "vexatious and burdensome", rather than "silent and unobtrusive".  LeSane, 239 F.3d at 210.

Although I find that plaintiff's conduct since his release from prison evidences an intent not to prosecute his case,  his failure to prosecute has largely not been burdensome to the court.  Therefore, I find that this factor weighs against dismissal.

**E.     Lesser Sanctions**

The inescapable conclusion from plaintiff's  unexcused failure to appear for the September 21, 2011 conference, failure to abide my orders directing him to obtain a trial date from Judge Arcara and his failure to  communicate with defendants' counsel since his release from custody,  is that he no longer wishes to pursue this case.   Therefore, I have no reason to believe that lesser sanctions would be effective.

Balancing the above factors,  I recommend that plaintiff's case be dismissed for his failure to prosecute.

**CONCLUSION**

For these reasons, I recommend that plaintiff's case be dismissed pursuant to Rule 41(b) for failure to prosecute.  Unless otherwise ordered by Judge Arcara, any objections to this Report and Recommendation must be filed with the clerk of this court by October 24, 2011 (applying the time frames set forth in Rules 6(a)(1)(C), 6(d), and 72(b)(2)).

Any requests for extension of this deadline must be made to Judge Skretny.  A party who "fails to object timely . . . waives any right to further judicial review of [this]

decision". Wesolek v. Canadair Ltd., 838 F. 2d 55, 58 (2d Cir. 1988); Thomas v. Arn, 474 U.S. 140, 155 (1985). Moreover, the district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but were not, presented to the magistrate judge in the first instance. Patterson-Leitch Co. v. Massachusetts Municipal Wholesale Electric Co., 840 F. 2d 985, 990-91 (1st Cir. 1988).

The parties are reminded that, pursuant to Rule 72(b) and (c) of this Court's Local Rules of Civil Procedure, written objections shall "specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection . . . supported by legal authority", and must include "a written statement either certifying that the objections do not raise new legal/factual arguments, or identifying the new arguments and explaining why they were not raised to the Magistrate Judge". Failure to comply with these provisions may result in the district judge's refusal to consider the objections.

DATED:  October 7, 2011

/s/ Jeremiah J. McCarthy
JEREMIAH J. MCCARTHY
United States Magistrate Judge